UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| MARY LYDIE CLAY, et al., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 07-113-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| K. PETROLEUM, INC., ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Plaintiffs' motion to remand this action to the Clay Circuit Court. [Record No. 5]  Because the Court concludes that the amount in controversy, more likely than not, exceeds the jurisdictional minimum, the Plaintiffs' motion will be denied.

**I.     BACKGROUND**

The Plaintiffs filed this action in Clay Circuit Court on March 30, 2007, seeking a declaration of rights and damages under an oil and gas lease.  In particular, the Plaintiffs requested that the Court declare that the Defendant is in default and that its rights under the lease are forfeited due to the Defendant's failure to: (1) pay annual minium royalties as required under the lease; and (2) drill wells as market conditions for the sale of gas allow as required under the lease.  In addition, the Plaintiffs sought damages for unpaid annual royalties.

Defendant K. Petroleum, Inc. removed the action to this Court on April 5, 2007, pursuant to 28 U.S.C. § 1441(b), asserting that the controversy involves citizens of different states and

that the amount in controversy exceeds $75,000. In particular, the Defendant alleged that it had a "good faith believe (sic) that the amount in controversy, specifically the value of the Oil and Gas Lease which is the subject matter hereof, exceeds the sum or value of $75,000.00, exclusive of interest and costs." [Record No. 1]

On April 10, 2007, the Plaintiffs moved the Court to remand the action back to state court, arguing that amount in controversy does not exceed $75,000. [Record No. 5] The Plaintiffs asserted that the maximum amount of damages requested is $36,000 and that the value of the leasehold interest is not in excess of the jurisdictional requirements for removal.

The Defendant responded by asserting that the amount in controversy is in excess of the jurisdictional amount. In support, the Defendant submitted an affidavit of Jam Khorrami, President and Director of K. Petroleum and a registered Petroleum Geologist. In the affidavit, Khorrami states that, based on his experience with this land and other similarly situated land, the total value of the recoverable natural gas reserves from this property exceeds $78,000.00. Khorrami further asserts that the value of the leasehold interest to the Defendant due to "the proximity of the leasehold to its field office, pipeline, compression facilities, metering facilities, dehydration facilities, and market resources" exceeds $75,000. [Record No. 6, Ex. A] Although he states that the value of this leasehold interest, based solely on these factors, may not be as high to another company, Khorrami avers that, due to the land's proximity to the Defendant's facilities, it is certainly of that value to the Defendant. Therefore, the Defendant contends that the amount in controversy exceeds $75,000, exclusive of interest and costs.

II.     **LEGAL ANALYSIS**

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it initially could have been brought in federal court. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). It is well-established that the federal courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546 (2005). Thus, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Walsh v. American Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967). As such, a defendant desiring to remove a case from state to federal court has the burden of establishing the diversity jurisdiction requirements of an original federal court action. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28 (1979); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Normally, "the sum claimed by the plaintiff[s] controls," but where plaintiffs seek "to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant satisfies its burden when it proves that the amount in controversy "more likely than not" exceeds $75,000. *Gafford*, 997 F.2d at 156, 158.

In determining the appropriateness of remand, the Court also must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). However, events occurring subsequent to removal which reduce the amount recoverable whether beyond the

plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached. *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938).

In actions in which a plaintiff is seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347 (1977); *see also Columbia Gas Transmission Corp. v. Meadow Preserve York*, 2006 WL 1376912 (N.D. Ohio May 18, 2006). Here, the Plaintiffs are seeking monetary damages and declaratory relief. Thus, for purposes of determining the amount in controversy, the Court must consider not only the money judgment sought but also the "value of the object of the litigation." *Hunt*, 432 U.S. 333; *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). And while the parties agree that the maximum amount of damages sought by the Plaintiffs is $36,000.00, the Plaintiff contends that the value of the oil and gas lease does not exceed $75,000.00, exclusive of interest and costs.

In addressing the parties' dispute, the Court must first assess whether the monetary value of the lease is calculated from the Plaintiffs' or the Defendants' perspective. The Sixth Circuit has recognized that there is a split of authority regarding whose viewpoint should be considered in determining the amount in controversy in cases such as the present one. Courts have taken three approaches: (1) the plaintiff's perspective, in which the amount in controversy is determined by the amount stated in the complaint or the value of the right plaintiff is asserting; (2) the defendant's viewpoint, which generally considers the defendant's cost of compliance with the requested injunctive relief; and (3) either party's viewpoint.[1] The Sixth Circuit has

---

[1] There is a circuit split regarding whether a court may determine the amount in controversy from the perspective of the plaintiff, defendant or either party. *See e.g., Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d

acknowledged that the question regarding whose viewpoint should be used to measure to value of the object of the litigation poses a "jurisdictional morass." However, the court has explicitly declined to decide the issue. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006); *see also Olden v. Lafarge Corp.*, 383 F.3d 495, 503 n.1 (6th Cir. 2004).

In *Olden*, the court stated that:

This circuit has not yet chosen an approach and we decline to weigh in on two major circuit splits in the same day. Nonetheless, we do note that many cases have been suggested to indicate our adoption of, or preference for, one rule over the other. In none of these cases, however, did the court either consider this issue or express a subtle preference one way or the other. Therefore, we leave this interesting question for another day.

*Olden*, 383 F.3d at 503 n.1 (internal citations and quotation marks omitted). Similarly, in *Everett*, the court noted that:

[a]s in *Olden*, we need not resolve the question today. Even if we were to apply the either viewpoint approach, the more generous of the two from the defendant's perspective, [the defendant] has not satisfied a precondition for invoking the theory here. A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements by a preponderance of the evidence, and [the defendant] has not met this requirement.

*Everett*, 460 F.3d at 829 (internal citations and quotation marks omitted). Because both parties agree that the determination of the amount in controversy in this case may be resolved by

---

636, 640 n. 4 (5th Cir. 2003) (applying the "plaintiff's viewpoint" rule); *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 120 F.3d 216, 219-20 (11th Cir. 1997) (same); *Massachusetts State Pharm. Ass'n v. Fed. Prescription Serv., Inc.*, 431 F.2d 130, 132 n. 1 (8th Cir. 1970) (same); *but see In re Ford Motor Co./Citibank*, 264 F.3d 952, 958 (9th Cir. 2001) (applying the "either viewpoint rule"); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 609 (7th Cir. 1997) (same); *Oklahoma Retail Grocers Ass'n v. Wal-Mart Stores, Inc.*, 605 F.2d 1155, 1159 (10th Cir. 1979) (same); *Williams v. Kleppe*, 539 F.2d 803, 804 n. 1 (1st Cir. 1976) (same); *Tatum v. Laird*, 444 F.2d 947, 951 (D.C. Cir. 1971) (same), *rev'd on other grounds*, 408 U.S. 1 (1972); *but see Hartridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809 (8th Cir. 1969) (adopting the viewpoint of the party invoking federal jurisdiction approach in dictum); *Thomas v. General Elec. Co.*, 207 F. Supp. 792, 794-95 (W.D. Ky. 1962) (same).

considering the value of the oil and gas lease from the perspective of the Defendant,[2] the Court will consider value of the lease from the Defendants' viewpoint and will not delve into whether the Sixth Circuit will eventually choose this approach.

In attempting to satisfy its burden of establishing the amount in controversy, the Defendant as submitted an affidavit from Jam Khorrami, a Petroleum Geologist. In the affidavit, Mr. Khorrami makes two primary assertions: first, that total value of the estimated gas reserves on the property exceeds $78,000; and second, that the value of the leasehold interest to the Defendant (based largely on the proximity of the location) exceeds $75,000. The Plaintiffs have failed to offer any evidence to counter these assertions. With respect to the first assertion, the Plaintiffs have not demonstrated through their own evidence that Mr. Khorrami's estimates are incorrect. Rather, they simply state that the amount of gas reserves on the property is too speculative to value. Moreover, the Plaintiffs have failed to present any evidence to counter Mr. Khorrami's assertion that the lease's pecuniary value to the Defendant based on the proximity of the land is in excess of $75,000.

Based on Mr. Khorrami's status as a Petroleum Geologist and the Plaintiffs' failure to offer any evidence establishing that the information contained in the affidavit is inaccurate, the Court finds that Defendant has satisfied its burden of establishing by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000, exclusive of

---

[2] In the motion to remand, the Plaintiffs state that they "believe that it is likewise appropriate in this case to consider the pecuniary value of the leasehold which the Plaintiffs seek to cancel from the standpoint of the Defendant." [Record No. 5, p. 3] Similarly, the Defendant, in its response to the motion to remand, concedes that the Plaintiffs correctly note that the value of the lease must be determined from the standpoint of the Defendant. [Record No. 6, p. 1]

interest and costs.

### III.     CONCLUSION

It is hereby **ORDERED** that the Plaintiffs' Motion to Remand this action to state court [Record No. 5] is **DENIED**.

This 23rd day of May, 2007.



Signed By:
*Danny C. Reeves*   DCR
United States District Judge